## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

| | |
|---|---|
| DARION WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>ACCURATE BACKGROUND, LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Darion Williams ("Plaintiff" or "Mr. Williams"), by and through the undersigned counsel, brings this Complaint and Demand for Jury Trial ("Complaint") against Defendant Accurate Background, LLC ("Defendant" or "Accurate"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq*.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

1

3. Defendant regularly transacts business within the District. Defendant regularly directs business at the District. Defendant voluntarily and purposefully avails itself of the protections of the District, such that personal jurisdiction is established.

## PARTIES

4. Plaintiff, Darion Williams, is a natural person who resides in Will County, Illinois. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant regularly compiles and distributes consumer credit information in exchange for monetary compensation. Therefore, Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

6. Defendant maintains a principal place of business located at 7515 Irvine Center Drive, Irvine, California 92618 and is incorporated in California. Defendant may be served through its registered agent, c/o C T Corporation System located at 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

7. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the above paragraphs of this Complaint as though they are fully detailed herein.

9. In or around January 2021, Plaintiff applied for employment with Amazon.

10. As a part of the application, Plaintiff consented to a background check.

11. Upon information and belief, Amazon utilizes Accurate to conduct background checks on prospective employees.

12. Upon information and belief, Amazon purchased Plaintiff's employment purposed consumer report ("background report" or "consumer report") from Defendant on or about February 2, 2021.

13. Upon information and belief, Defendant completed Plaintiff's Accurate background report on or about February 19, 2021.

14. Upon information and belief, Defendant provided Amazon with a copy of Plaintiff's background report on or about February 19, 2021.

15. Upon information and belief, Defendant provided Plaintiff with a copy of his background report in or around February 2021.

16. Upon review, Plaintiff beyond shocked to see that his Accurate background report contained criminal records that do not belong to him.

17. Specifically, Plaintiff's Accurate background report included a criminal record filed in Illinois on April 20, 2016.

18. The criminal record, case number 2016CR0583701, was associated with a felony conviction for "Involuntary Manslaughter."

19. Hereinafter case number 2016CR0583701 (and its associated charge) will be referred to as the Disputed Criminal Record.

20. Plaintiff has never been arrested for, charged with, or convicted of "Involuntary Manslaughter."

21. Upon information and belief, Defendant erroneously associated another consumer's criminal conviction with Plaintiff's background report and/or file.

22. Although the Accurate background report indicates Defendant allegedly matched Plaintiff's first name and last name to the Disputed Criminal Record, Defendant did not match the Disputed Criminal Record with Plaintiff's middle name, social security number, or any other personal identifiers.

23. "Darion Williams" is a very common name.

24. Upon information and belief, the criminal defendant associated with the Disputed Criminal Records does not have the same middle name nor middle initial as Plaintiff.

25. Upon information and belief, the criminal defendant associated with the Disputed Criminal Records has a middle name beginning with "M."

26. Plaintiff's middle name begins with "J."

27. Upon information and belief, Defendant matched the Disputed Criminal Record with Plaintiff based only on his first name, last name, and date of birth (not any other personal identifiers).

28. Defendant's reporting of the Disputed Criminal Record in Plaintiff's background report(s) is patently inaccurate.

29. Shortly thereafter, Plaintiff was denied for the position with Amazon.

30. In or around February 2021, Plaintiff disputed with Defendant.

31. Upon information and belief, Defendant removed the Disputed Criminal Record from Plaintiff's file in or around February or March 2021.

32. However, it was too little too late as Plaintiff had already been denied for the position with Amazon.

33. Upon information and belief, had Defendant not inaccurately reported the Disputed Criminal Record, Plaintiff would have been more likely to be approved for employment with Amazon in February 2021.

34. In or around November 2022, Plaintiff applied for employment with Amazon once again.

35. Plaintiff interviewed for the position and received a contingent offer for a start date of December 2, 2022.

36. The offer was contingent on Plaintiff passing a background check.

37. Upon information and belief, Amazon purchased Plaintiff's background report from Defendant on or about November 12, 2022.

38. Upon information and belief, Defendant completed Plaintiff's Accurate background report on or before November 18, 2022.

39. Upon information and belief, Defendant provided Amazon with a copy of Plaintiff's background report on or before November 18, 2022.

40. Upon information and belief, Defendant provided Plaintiff with a copy of his background report on or before November 18, 2022.

41. Upon review, Plaintiff beyond shocked to see that Accurate had re-inserted the Disputed Criminal Record into Plaintiff's background report/file.

42. On or about November 18, 2022, Plaintiff disputed with Defendant by phone.

43. Plaintiff informed Defendant that Defendant had previously removed the Disputed Criminal Record from his file after his dispute in 2021.

44. Defendant informed Plaintiff that it would investigate his dispute and fix the error.

45. Plaintiff was hopeful that Defendant would correct its reporting, but anxious that the report would not be corrected before his anticipated start date of December 2, 2022.

46. Plaintiff had spoken with Amazon and was told the issue would need to be resolved with Accurate before his start date.

47. In mid to late December 2022, Plaintiff received a copy of his dispute results from Defendant.

48. Defendant's dispute response was dated December 7, 2022.

49. The dispute response stated that Defendant removed the Disputed Criminal Record from Plaintiff's background report.

50. Unfortunately, it was once again, too little too, late.

51. Plaintiff reached out to Amazon and his recruiter to see if he could begin work.

52. Plaintiff was unable to get ahold of anyone at Amazon or his recruiter.

53. Plaintiff reasonably believes that Amazon and his recruiter ignored him and did not return his calls because of Defendant's inaccurate reporting.

54. As of the filing of this Complaint, Plaintiff has still not heard back from Amazon.

55. Upon information and belief, had Defendant not inaccurately reported the Disputed Criminal Record, Plaintiff would have been more likely to be approved for employment with Amazon in November/December 2022.

56. Upon information and belief, Defendant fails to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

57. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

58. For example, upon information and belief, Defendant allowed a criminal conviction for manslaughter to appear on Plaintiff's consumer report without matching his full name, address, social security number, driver's license, or other personal identifiers.

59. Instead of employing reasonable procedure, as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

60. Upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

61. Defendant is aware that criminal information is often matched based on incomplete personal identifiers.

62. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

63. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

64. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with reliable third-party vendors.

65. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

66. Upon information and belief, Defendant has been sued under the FCRA by consumers in the past for associating erroneous criminal records with job applicants and/or employees.

67. Therefore, Defendant has actual notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

68. Defendant's reporting is particularly egregious because Defendant had notice by way of Plaintiff's 2021 dispute that its reporting was inaccurate.

69. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

70. Despite knowing that its procedures are unreasonable, Defendant recklessly and knowingly fails to employ procedures that assure the maximum possible accuracy of consumer information compiled and published in its consumer reports.

71. Upon information and belief, Defendant does not independently investigate the information it buys from third-party vendors before including it in consumers' background reports.

72. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

73. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

74. Defendant knows that its services are used to make significant consumer decisions.

75. Upon information and belief, Defendant is aware that its decisions regarding employees are often adopted by the employer reviewing the consumer report.

76. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

77. As a direct result of Defendant's conduct, Plaintiff was denied for employment with Amazon on two separate occasions.

78. As a direct result of Defendant's conduct, Plaintiff suffers from financial instability.

79. As a direct result of Defendant's conduct, Plaintiff has to borrow money from his family and cannot afford to move out of his mother's home.

80. Defendant's conduct has also caused tension between Plaintiff and his family.

81. As a direct result of Defendant's conduct, Plaintiff is stressed, distracted, humiliated, embarrassed, and anxious.

82. Defendant's conduct also caused Plaintiff to have difficulty sleeping and migraines. Consequently, Plaintiff suffers from sleepless nights.

83. As a direct result of Defendant's conduct, Plaintiff has suffered actual damages including but not limited to: damage to his reputation, wasted time, sleepless nights, job denials, financial instability, emotional distress, including mental anguish, frustration, anxiety, humiliation, embarrassment, and other losses that are continuing in nature.

## COUNT I

### Defendant's Violations of 15 U.S.C. § 1681e(b)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

85. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it regulates all "consumer reports." 15 U.S.C. § 1681a(d).

86. In the parlance of the FCRA, background reports for employment purposes are "consumer reports."

87. The FCRA provides a number of protections for job applicants and/or employees who are subject to background reports.

88. The FCRA imposes duties on consumer reporting agencies, like Defendant, to ensure that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

89. Under 15 U.S.C. § 1681e(b), "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

90. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish, maintain, and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports.

91. Specifically, Defendant failed to establish, maintain, and/or follow procedures to prevent it from inaccurately reporting another consumer's criminal conviction on Plaintiff's consumer reports.

92. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered actual damages which have been further described above.

93. Defendant's violations of the FCRA were willful and knowing. Further, Defendant's violations were committed in reckless disregard of Plaintiff's rights as a consumer. Accordingly, Defendant is liable for Plaintiff's statutory, actual, and punitive damages pursuant to 15 U.S.C. § 1681n.

94. Alternatively, Defendant's violations of the FCRA were negligent, rendering it liable for Plaintiff's statutory and actual damages pursuant to 15 U.S.C. § 1681o.

95. In any event, Defendant is liable for Plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT II
### Defendant's Violations of 15 U.S.C. § 1681i

96. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

97. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. *Id*.

98. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

99. 15 U.S.C. § 1681i(a)(5)(B)(i) mandates that information that was previously deleted from a consumer's file pursuant to subparagraph (A) "may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate."

100. Further, pursuant to 15 U.S.C. § 1681i(a)(5)(B)(ii), if any information that has previously been deleted from a consumer's file is reinserted into the file, a consumer reporting agency must "notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency."

101. The FCRA also requires that consumer reporting agencies, like Defendant, "maintain reasonable procedures designed to prevent the reappearance

in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph." 15 U.S.C. § 1681i(a)(5)(C).

102. On at least one occasion during 2021, Plaintiff disputed the inaccurate information with Defendant and requested that it delete the criminal record that did not belong to him.

103. In response to Plaintiff's dispute, in or around February 2021, Defendant deleted the Disputed Criminal Record from Plaintiff's background report.

104. Sometime thereafter, Defendant re-inserted at least nine prescriptions associated with at least five different physicians into Plaintiff's consumer report/file.

105. Defendant violated 15 U.S.C. § 1681i by reinserting information that it previously deleted from Plaintiff's consumer report/file pursuant to 15 U.S.C. § 1681i(A), failing to notify Plaintiff within five days of the reinsertion, and failing to maintain reasonable procedures to prevent the information's reappearance in Plaintiff's consumer report(s)/file.

106. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered from harm as further described herein.

107. Defendant's violations of the FCRA were both willful and knowing. Therefore, Defendant is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial. 15 U.S.C. §§ 1681n, 1681o.

108. Alternatively, Defendant's violations of the FCRA were negligent. Therefore, Defendant is liable to Plaintiff for statutory and actual damages. 15 U.S.C. § 1681o.

109. In any event, Defendant is liable for Plaintiff's reasonable attorney's fees and costs. 15 U.S.C. §§ 1681n, 1681o.

## TRIAL BY JURY

110. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Darion Williams, respectfully requests judgment be entered against Defendant, for the following:

  A.   Actual damages pursuant to 15 U.S.C. §§ 1681n, 1681o;

  B.   Statutory damages pursuant to 15 U.S.C. §§ 1681n, 1681o;

  C.   Punitive damages pursuant to 15 U.S.C. § 1681n;

  D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

  E. Any pre-judgment and post-judgment interest as may be allowed under the law; and

  F. Other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of January 2023.

>/s/ David A. Chami
>David A. Chami, AZ Bar No. 027585
>The Consumer Justice Law Firm
>8245 N. 85th Way
>Scottsdale, AZ 85258
>T: (480) 626-2359
>E: dchami@cjl.law
>
>Haytham Faraj
>Law Offices of Haytham Faraj
>1935 W. Belmont Ave.
>Chicago, IL 600657
>T: (312) 635-0800
>E: haytham@farajlaw.com
>
>*Attorneys for Plaintiff*
>Darion Williams